IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>vs.<br><br>DAMION LUJUAN HOLMES,<br><br>　　　　　Defendant. | NO. 1:17-CR-28 (4) |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Pending before the undersigned is a *Pro Se Motion for Compassionate Release* pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. #312) filed by the Defendant, Damion Lujuan Holmes, on September 3, 2020.[1] On August 9, 2018, the Defendant was convicted of conspiracy to possess with intent to distribute and distribution of 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§846 and 841(b)(1)(B). He was sentenced to 135 months' imprisonment. The Government responded to the Defendant's motion on October 20, 2021. (Dkt. #337.) After reviewing all applicable facts and law, the undersigned recommends denying the Defendant's motion.

---

[1] This motion was referred to the undersigned United States magistrate judge on February 28, 2024, for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. 28 U.S.C. § 636(b)(1)(B); E.D. TEX. LOCAL R. CR-59(a); Dkt. #354. Holmes recently filed a *Motion to Reduce Sentence* pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. #353), which was unopposed by the Government and granted by United States Judge Michael Truncale on April 5, 2024. His sentence was reduced from 135 months' imprisonment to 120 months. (Dkt. #358).

1

## I.    ISSUES PRESENTED

The Defendant argues that he should receive compassionate release due to COVID-19 and other chronic health concerns, including "kidney transplant in 2014, hypertension, hyperparathyroidism, and obesity." (Dkt. #312.) The Government responds that the Defendant's health concerns are well controlled and do not rise to the level of extraordinary and compelling circumstances. (Dkt. #337.)

## II.    LEGAL STANDARD

Section 3582(c)(1)(A) "authorize[s] a sentence reduction where: (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) such a reduction is appropriate 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. The Sentencing Commission ("The Commission"), however, has the authority to "promulgate general policy statements … that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Williams*, No. 3:18-CR-0291-B-2, 2021 WL 1865005, at *2 (N.D. Tex. 2021) (quoting *Shkambi*, 993 F.3d at 391). On November 1, 2023, The Commission issued an amended policy statement, U.S.S.G. § 1B1.13, setting forth the circumstances that are considered "extraordinary and compelling reasons." These include the defendant's medical circumstances, age, family circumstances, whether the defendant is a victim of abuse, "other reasons," and whether he is serving an unusually long sentence. *See* U.S.S.G. §

1B1.13(b). As of November 1, 2023, policy statement 1B1.13 applies to motions filed by the Director of the BOP and motions filed by the defendant. U.S.S.G. § 1B1.13(a).

The Fifth Circuit has also addressed the issue. As the Fifth Circuit explained, "extraordinary" means "beyond or out of the common order," "remarkable," and "singular." *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023). "Compelling," in turn, "means to drive or urge with force, or irresistibly, to force, and to subjugate." *Id.* Such reductions are permissible only upon a showing that the prisoner "face[s] some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *Id.* Upon successfully raising an extraordinary or compelling reason, a court may grant relief only if the prisoner also demonstrates that the reduction is otherwise consistent with The Commission's policy statement. 18 U.S.C. § 3582(c)(1)(A).

### III.   ANALYSIS

#### A. *Exhaustion of Administrative Remedies*

Before seeking relief from the court, a defendant must first submit a request to the facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). As stated above, a request for compassionate relief must first be presented to the BOP for consideration. After 30 days have passed or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on his behalf, a defendant may ask a court for a sentence reduction under section 3582(c)(1)(A). The Defendant asserts that he submitted a letter on June 15, 2020, and an email on June 16, 2020, to the warden requesting compassionate release. However, the Government argues, and provides email confirmation from FMC Fort Worth (where the Defendant was incarcerated),

that the Defendant has not exhausted his administrative remedies prior to filing the pending motion. However, even assuming *arguendo* that the Defendant satisfied his administrative remedies, his motion should be denied for the following reasons.

### B. *Extraordinary and Compelling*

Extraordinary and compelling reasons exist regarding a defendant's medical condition when the defendant is "suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)," "a serious physical or medical condition," "a serious functional or cognitive impairment," or "experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13. In addition, a defendant may seek release if he is suffering from a medical condition that requires long term or specialized medical care that is not being provided. *Id.* Lastly, extraordinary and compelling reasons exist if the facility where the defendant is housed is affected or at imminent risk of being affected by an ongoing outbreak of an infectious disease or public health emergency and the defendant is at an increased risk of suffering severe medical complications or death and such risk cannot be adequately mitigated in a timely manner. *Id.*

A generalized fear of COVID does not automatically entitle a prisoner to release. *See, e.g., United States v. Martinez*, 2024 WL 658952, at *1 (5th Cir. 2024) (fear of COVID-19, even with comorbidities, was not extraordinary and compelling); *United States v. Rodriguez*, 27 F.4th 1097, 1100-01 (5th Cir. 2022); *United States v. Thompson*, 984 F.3d 431, 435 (5th Cir. 2021); *United States v. Turner*, No. 2:15-CR-1-KS-MTP, 2022 WL 1072880, at *3 (S.D. Miss. 2022) (if the Court were to release every prisoner at risk of contracting COVID-19, it "would then be obligated to release every prisoner"). "[I]nternational and domestic health authorities, particularly the World

Health Organization, the United States Centers for Disease Control and Prevention, and the federal government, have made clear that the COVID-19 pandemic has ended." *United States v. Casey*, No. 1:15-CR-1-LG-RHW-2, 2023 WL 4306765, at *2 (S.D. Miss. June 30, 2023) (quoting *United States v. Ruiz*, No. 4:19CR269-DSJ, 2023 WL 3628265, at *5 (E.D. Tex. May 24, 2023) (collecting resources)); *see also United States v. Ford*, No. 1:16-CR-19-HAB, 2023 WL 3477168, at *5 (N.D. Ind. 2023) (noting that "on May 11, 2023, the federal government ended the COVID-19 Public Health Emergency based on widespread prevention and control measures like vaccination" (quotations omitted)). Moreover, the Defendant is fully vaccinated, which provides some protection from risks associated with Covid. (Dkt. #152-1, p. 2.) *See United States v. Grummer*, 519 F. Supp. 3d 760 (S.D. Cal. 2021) (denying compassionate release to a vaccinated defendant with several chronic medical conditions); *United States v. Wakefield*, No. 1:19-cr-00095-MR-WCM, 2021 WL 640690, at *3 (W.D.N.C. 2021) (denying compassionate release to a defendant presenting with obesity, diabetes, and hypertension who received his first dose but had also previously tested positive); *United States v. Smith*, No. 17-CR-20753, 2021 WL 364636, at *2 (E.D. Mich. 2021) ("[A]bsent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A).")

The evidence does not establish that the Defendant suffers from an illness or medical condition that constitutes an extraordinary and compelling reason for release. According to the Defendant's PSR issued at the time of sentencing, he had undergone a kidney transplant, ending his history of renal disease and need for dialysis. (Dkt. #226, ¶ 54-56.) The Defendant admitted that he was doing much better after his kidney transplant, which was likely caused by a history of hypertension that is now well controlled through medication. (*Id.*) Medical records from BOP

confirm that the Defendant has had a kidney transplant and has hypertension, but that both ailments are controlled by medication and his condition is stable. (Dkt. #339, Ex. 2.)  His medical records also show that he was diagnosed with COVID-19 in December of 2020, but has since recovered. (*Id*. at 177.)  Accordingly, the Defendant failed to demonstrate that he suffers from "extraordinary and compelling" health concerns.

### C. Sentencing Factors

Notwithstanding all previous analysis, compassionate release should be denied because it is not justified by the Section 3553(a), which includes the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for … the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines … ;
> (5) any pertinent policy statement ... issued by the Sentencing Commission ...;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  The undersigned has considered these factors and finds they weigh against compassionate release for the following reasons.

First, granting this motion would fail to provide just punishment for his offense and promote respect for the law.  Courts that have granted compassionate release "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns." *Thompson*, 984 F.3d at 434–35.  For example, in *United States v.*

6

*Chambliss*, while the defendant's terminal illness "constitut[ed] 'an extraordinary and compelling reason for a sentence reduction' and he '[did] not present a danger upon release,'" the court denied compassionate release because "releasing [defendant] after serving only 14 years of a 30-year sentence minimizes both the impact of [defendant's] crime and seriousness of the offense." *United States v. Chambliss*, 948 F.3d 691, 693-693 (5th Cir. 2020). The BOP inmate locator website states that the Defendant's release date is June 22, 2027. *See* https://www.bop.gov/inmateloc/ (last visited April 11, 2024). Considering the nature of his offense, the court finds that denying compassionate release "would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 693–94.

Second, the undersigned cannot conclude that the Defendant does not pose a danger to the community. This court must deny a sentence reduction unless it determines that the defendant "is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). "The best predictor of how [a defendant] will behave if he were to be released is how he behaved in the past." *United States v. Preston*, No. 3:18-CR-307-K, 2020 WL 1819888, at *4 (N.D. Tex. 2020) (quoting *United States v. Martin*, 447 F. Supp. 3d 399, 403 (D. Md. 2020)). In this spirit, the Government argues that the Defendant continues to present a danger to the community and should be required to serve the sentence that this court imposed for his criminal conduct. The court agrees.

The Defendant pled guilty to a violation of 21 U.S.C. § 846 and is serving a sentence for conspiracy to possess with intent to distribute and distribution of methamphetamine. (Dkt. No. 160, p. 1-2.) Pursuant to a written, binding Rule 11(c)(1)(C) Plea Agreement, the Defendant pled guilty to Count One and agreed to a sentence of 135 months. (*Id.*) The Defendant possessed with intent to distribute and/or distributed 1.51 kilograms of methamphetamine (actual). (Dkt. No. 159, p. 6.) The Defendant's criminal history goes back to the age of 17 and includes charges for

unlawfully carrying a weapon (1992), Use/Possession of Drug Paraphernalia (2007), Conspiracy to Possess with Intent to Distribute Cocaine (more than 150 kilograms according to the Indictment (2009), and Criminal Mischief (2009). He has a criminal history category of IV. (Dkt. #226, p. 9-12.)

The nature of the Defendant's original offense, criminal history, and all other applicable factors fail to persuade the court that the Defendant does not pose a danger to the community. *See* 18 U.S.C. § 3553(a)(1), (2). Accordingly, the court should deny the Defendant's motion.

## IV.   RECOMMENDATION

The "burden falls on the defendant to convince the [court] to exercise discretion to grant the motion for compassionate release." *Ward v United States*, 11 F.4th 354, 359–60 (5th Cir. 2021). The defendant must show "an 'extraordinary and compelling' reason for a sentence reduction and that a reduction is consistent with the section 3553(a) factors." *United States v McFadden*, 2022 WL 715489, *2 (5th Cir 2022).

Here, the court finds that no extraordinary and compelling reasons exist. Having determined that extraordinary and compelling reasons justifying release are not present and considering all other applicable factors, the undersigned recommends DENYING the Defendant's motion for compassionate release.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2);

E.D. TEX. LOCAL R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 17th day of April, 2024.

_____
Zack Hawthorn
United States Magistrate Judge